**UNITED STATES  DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

**CHARLES J. PLAISANCE**                                **CIVIL ACTION**

**VERSUS**                                                       **NO. 08-1001**

**STATE OF LOUISIANA**                                **SECTION "K"(5)**

## TRANSFER ORDER

Petitioner, CHARLES J. PLAISANCE , has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 in which he is challenging the constitutionality of his 2004 state court conviction and sentence.  To support his challenge, petitioner asserts the following grounds for relief:

    1)      He should have been charged with possession of cocaine and not possession with intent to distribute cocaine; and

    2)      He was denied effective assistance of counsel because counsel advised him to enter a guilty plea rather than proceed to trial.

A review of this Court's records reflects that petitioner filed a prior petition for writ of habeas corpus related to this same conviction and sentence entitled <u>Charles Plaisance v. La. Department of Corrections</u>, Civil Action 06-3209 c/w 07-3751 "K"(5).  In that petition, petitioner raised the following grounds for relief:

1) His conviction was based on evidence obtained from an unconstitutional search and seizure;

2) He was denied effective assistance of counsel;

3) His guilty plea was not valid; and

4) His sentence was excessive.

The consolidated petitions were dismissed with prejudice as untimely by Judgment entered October 16, 2007.  Petitioner did not appeal that judgment.

The petition presently before the Court is considered to be  a second or successive petition as described by 28 U.S.C. § 2244.  In order to overcome the prohibition against the filing of a second or successive claim under that section, the petitioner must establish one of the following exceptions:

1) the claim relies on a new rule of law, made retroactive to cases on collateral review by the United States Supreme Court, that was previously unavailable; or

2) (i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence, and
(ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for the constitutional error, no reasonable factfinder would have found the petitioner guilty of the underlying offense.

28 U.S.C. § 2244(b)(2)(A),(B).

Before the petition can be considered on the merits by this District Court, the petitioner must obtain authorization to file this second or successive petition from the United States Fifth Circuit Court of Appeals by making a prima facie showing of the above listed requirements to that appellate court as required by 28 U.S.C. § 2244(b)(3)(A).  Until such time as petitioner obtains said authorization, this Court is without jurisdiction to proceed.  Accordingly,

**IT IS ORDERED** that CHARLES J. PLAISANCE 's petition be construed in part as a motion for authorization for the District Court to consider the second or successive claims raised therein.

**IT IS FURTHER ORDERED** that the petition be and hereby is **TRANSFERRED** to the United States Fifth Circuit Court of Appeals under the authority of 28 U.S.C. § 1631 for that Court to determine whether petitioner is authorized under 28 U.S.C. § 2244(b) to file the instant habeas corpus petition in this District Court.

New Orleans, Louisiana, this ___18th___ day of _____March_____, 2008.

_____
UNITED STATES DISTRICT JUDGE